UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

TONY LOVE,

           Petitioner,

   v.                                      CAUSE NO. 3:19-CV-721-DRL-MGG

WARDEN,

           Respondent.

## OPINION AND ORDER

Tony Love, a prisoner without a lawyer, filed a motion to reconsider the court's October 28, 2019 order denying his habeas corpus petition. ECF 8. In the petition he filed with this court, Mr. Love challenged the disciplinary sanctions in case WCU 18-11-237 where a Disciplinary Hearing Officer found him guilty of assaulting a prison officer and staff member in violation of Indiana Department of Correction policy A-102. ECF 4 at 1; 5 at 1. However, Mr. Love did not lose any earned credit time, nor was he demoted in credit class as a result of his disciplinary hearing. ECF 4 at 1, 4-1 at 6; 5 at 1. Thus, the court dismissed Mr. Love's petition because his disciplinary hearing did not result in the lengthening of the duration of his confinement.

In his motion, Mr. Love asks the court to reconsider its decision to deny his petition and dismiss his case. Specifically, he requests that the court consider his due process claims he raised in his petition. ECF 8 at 1-3. For example, he asserts that the Disciplinary Hearing Officer violated his due process rights because she was involved in the investigation of the incident. *Id.* at 2. He also claims that his due process rights were violated because he was denied key witness statements. *Id.* at 2-3. In sum, Mr. Love asks the court to "reconsider its judgement and measure this case not only by whether earned credit time or credit class was lost but by the violations of . . . [his] constitutional rights that were committed." *Id.* at 3.

After carefully considering the motion, the court finds that Mr. Love has not raised any legitimate grounds for overturning the court's October 28, 2019 ruling dismissing his case. In other words, Mr. Love has failed to present any evidence that the disciplinary sanctions imposed in case WCU 18-11-237 lengthened the duration of his confinement. *Hadley v. Holmes*, 341 F.3d 661, 664 (7th Cir. 2003) (prisoner can challenge prison disciplinary determination in habeas proceeding only when it resulted in a sanction that lengthened the duration of his confinement). Therefore, there is no habeas corpus relief available for him with respect to this disciplinary hearing.

For these reasons, the motion to reconsider (ECF 8) is DENIED.

SO ORDERED.

November 15, 2019                          *s/ Damon R. Leichty*
                                           Judge, United States District Court